Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 14-1885

UNITED STATES OF AMERICA,

Appellee,

v.

YESENIA VALENTIN-ACEVEDO,

Claimant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Lynch, Thompson, Kayatta
Circuit Judges

Anita Hill Adames, on brief for appellant.

Rosa Emilia Rodriguez-Velez, United States Attorney, with whom Nelson-Pérez-Sosa, Assistant United States Attorney and Francisco A. Besosa-Martínez, on brief, for appellee.

August 28, 2015

**KAYATTA**, **Circuit Judge**. This appeal arises out of an order by the district court rejecting the validity of Valentin-Acevedo's claimed interest in property forfeited to the United States by Valentin-Acevedo's former husband in connection with his guilty plea on charges of an illegal drug conspiracy. Finding that Valentin-Acevedo failed to submit to the district court any evidence sufficient to support the validity of her claimed interest, we affirm.

## I. Background

The forfeited property at issue in this appeal is the real property known as the Rompe Olas Bar. It is undisputed that defendant Miguelito Arroyo-Blas acquired the bar in February 2007, and that only his name was on the 2007 deed. As part of his plea agreement, Arroyo-Blas agreed to forfeit the bar. It is also undisputed that the government's interest in Arroyo-Blas's interest in the bar vested when the drug conspiracy began in June 2007. See 21 U.S.C. § 853(c) (government's interest in property subject to forfeiture vests "upon commission of the act giving rise to forfeiture").

When the government asserts ownership of property by virtue of forfeiture in connection with a criminal proceeding, there is some chance that a person other than the target of the criminal charges may possess an ownership interest in the property. The principal statute regulating criminal forfeitures, 21 U.S.C.

§ 853, recognizes two situations in which the interests of such third parties trump those of the government. First, under § 853(n)(6)(A), a third party might establish that, before the government interest in the property vested, the third party acquired (and has since maintained) a vested interest in the property superior to any interest of the criminal defendant. Second, under § 853(n)(6)(B), the third party might show that she is a bona fide purchaser without cause to believe that the property was subject to forfeiture.

Seeking to assert a protected interest in the bar under this statutory scheme, Valentin-Acevedo filed a verified petition under § 853(n)(2) asking the court to adjudicate the validity of her claimed interest. As her sole ground for claiming a valid interest, Valentin-Acevedo declared that she acquired the property by deed as the defendant's wife on February 26, 2008. The petition made no claim that, as of that date, Valentin-Acevedo had no cause to believe that the property was subject to forfeiture as a result of the government's interest that vested in June 2007. In other words, the verified petition did not set forth facts that would justify a ruling in favor of Valentin-Acevedo.

The district court nevertheless allowed Valentin-Acevedo and the government three months of discovery, with motions for summary judgment due one month after the end of discovery, and a forfeiture hearing to be held afterwards. After discovery ended,

the government filed a motion to dismiss or, in the alternative, motion for summary judgment. In her opposition to the government's motion, Valentin-Acevedo submitted no actual evidence beyond the facts she verified in her petition. Instead, she simply argued in a brief that, in 2008, the 2007 deed to Arroyo-Blas was amended to reflect that Valentin-Acevedo was married to Arroyo-Blas at the time of the conveyance. The district court granted the government's motion, apparently on two grounds: (1) the third-party petition failed to state a claim; and (2) applying the summary judgment standard, Valentin-Acevedo did not generate a factual dispute because she failed to provide any evidence or documentation to back up her allegations.

Valentin-Acevedo filed a motion to reconsider, claiming that the district court must conduct an ancillary proceeding under Fed. R. Crim. P. 32.2 (by which she apparently meant a hearing) to give her an opportunity to provide the court with the necessary supporting documentation. The district court denied her motion without explanation.

## II. Governing Law

21 U.S.C. § 853(n) provides the only means for third parties to claim an interest in property subject to criminal forfeiture. See Libretti v. United States, 516 U.S. 29, 44 (1995) ("[T]hird-party claimants can establish their entitlement to return of the assets only by means of the hearing afforded under

21 U.S.C. § 853(n)."). To trigger the procedure, a third party must file a petition signed under penalty of perjury that "set[s] forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). To prevail, a petitioner must show by a preponderance of evidence that she had a valid legal interest in the property so as to satisfy one of the two alternatives set out in § 853(n)(6). Section 853(n) sets out procedures for conducting a hearing, see id. § 853(n)(2), (4)-(5), but is silent on prehearing procedure and dispositive motions.

Federal Rule of Criminal Procedure 32.2(c) fills that gap. Rule 32.2(c)(1) requires the court to conduct an "ancillary proceeding" on a third-party non-money judgment claim, but clearly contemplates that that proceeding may not require an evidentiary hearing. Rule 32.2(c)(1)(A) provides that "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason," taking the facts in the petition to be true. In addition, "[a]fter disposing of any [motion to dismiss] and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure." Fed. R. Crim. P. 32.2(c)(1)(B). And, importantly for this appeal, "[w]hen

discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56."  Id.

### III.  Analysis

Valentin-Acevedo's third-party claim is doubly deficient.  The verified facts, all set forth in her petition, reveal that she acquired the property well after the date that the government's interest vested, and provided no evidence at all that she then had no cause to believe that the property was subject to foreclosure.  Her claim in her brief that there is a document that retroactively amends the February 2007 deed to reflect her interest is backed up by no evidence, and in any event fails to establish that her interest, even in an amended deed, would have been superior to her husband's.

For these simple reasons the district court properly granted the government's motion for summary judgment, Fed. R. Civ. P. 56(a), (e)(3); Fed. R. Crim. P. 32.2(c)(1)(B).  We therefore affirm the judgment of the district court.